IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **COLOGIX COL5, LLC,** | : |
| | : Case No. 2:22-cv-4280 |
| **Plaintiff,** | : |
| | : Judge Algenon L. Marbley |
| v. | : Magistrate Judge Kimberly A. Jolson |
| | : |
| **655 DEARBORN PARK LANE, LLC,** | : |
| | : |
| | : |
| **Defendant.** | : |

## **OPINION & ORDER**

This matter comes before this Court on Defendant's Motion to Vacate (ECF No. 40) and Motion for Summary Judgment (ECF No. 42); and Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 56(d) (ECF No. 44). For the reasons set forth below, Plaintiff's Motion for Relief is **GRANTED**; and Defendant's Motion for Summary Judgment and Defendant's Motion to Vacate are **DENIED**.

### I. BACKGROUND

#### A. Factual Background

This Court has previously set forth the factual and procedural background of this case. (ECF Nos. 28, 35). Nonetheless, given the continued relevance of that background to the present analysis, this Court finds it appropriate to recount briefly the history of this matter once more.

This case arises from an agreement between Plaintiff Cologix Col5, LLC ("Cologix") and Defendant 655 Dearborn Park Lane, LLC ("Dearborn"). Cologix is a Delaware limited liability company with its principal place of business in Denver, Colorado. Dearborn is a limited liability company doing business in Ohio with its principal place of business located in Columbus, Ohio (ECF No. 4). On August 16, 2022, Cologix and Dearborn entered into an agreement for the sale

of property located at 655 Dearborn Park Lane, Columbus, Ohio 43085. (*Id.*). Cologix was to purchase the property from Dearborn for the purpose of developing a data center facility on the property. (*Id.*). Such centers require access to a significant amount of energy. After conducting due diligence following the agreement and before the sale, Cologix determined that it could not obtain sufficient electrical energy to the property to support the planned data center facility. (*Id.*).

Pursuant to Section 4.2 of the agreement, Cologix deposited an Earnest Money Deposit of $300,000 with the Title Company. Section 4.2 provided that "if this Agreement is terminated by Purchaser pursuant to Section 8.1 hereof, then one hundred percent (100%) of the Earnest Money Deposit will be paid by Title Company to Purchaser." (*Id.*). Section 8.1 of the agreement set forth the terms for termination, providing in relevant part:

> Notwithstanding anything to the contrary set forth in this Agreement, this Agreement may be terminated at any time prior to Closing: … (ii) At any time prior to the expiration of the Inspection Period by Purchaser *if Purchaser is not satisfied as a result of its due diligence of the Property* (as reasonably demonstrated to Seller) that the Property can be developed by Purchaser as a data center facility (including, without limitation, as it relates to title or survey matters, zoning, available utility power to the Property or environmental issues) (each, a 'Due Diligence Failure')….

(ECF No. 15 at 2, emphasis added). As a result of its conclusion that the property would not be suitable, Cologix sought to terminate the agreement and recover its Earnest Money Deposit pursuant to Section 8.1(a)(ii) on October 26, 2022. (ECF No. 4 at 4). Dearborn, however, refused to return Cologix's $300,000 deposit and argued that Cologix must proceed with the closing of the agreement. (ECF No. 15 at 6). During the weeks that followed the delivery of the termination notice, Cologix explained to Dearborn why it was not satisfied:

> To help you understand our decision, I am willing to state that one of the biggest concerns with any data center is the ability to obtain sufficient electrical power to the Property. For this property, we believe that electrical power would come from AEP via high voltage lines from the west. However, given the placement of the gas distribution pipeline (and the related easement) we weren't satisfied that AEP could

> deliver the necessary power to the Property—we weren't satisfied that AEP could locate its power lines around the gas pipeline easement. As a result, we weren't satisfied that we could develop the property as a data center, and we properly terminated the Agreement during the Inspection Period.

(*Id.* at 5). Dearborn nonetheless refuses to return the deposit.

### B. Procedural Background

Cologix filed suit with this Court on December 5, 2022, asserting claims for breach of contract and seeking declaratory judgment. (ECF No. 2). Central to the dispute is the interpretation of Section 8.1 of the parties' Sale and Purchase Agreement, which governs the conditions under which Cologix could lawfully terminate the contract. Cologix contends that Section 8.1 required only that it provide notice of its dissatisfaction, whereas Dearborn maintains that the provision imposes additional obligations on Cologix. Dearborn filed an answer and a counterclaim for breach of contract. (ECF No. 6).

On April 14, 2023, Cologix moved for judgment on the pleadings seeking enforcement of Section 8.1 and attorney's fees. (ECF No. 15 at 3). Dearborn opposed the motion and, in its response, sought specific performance or, alternatively, monetary damages. (ECF No. 18 at 2). On September 21, 2023, Dearborn filed a motion for summary judgment, requesting resolution of all liability issues, with damages to be addressed in subsequent proceedings. (ECF No. 22). Briefing on the summary judgment motion concluded on October 24, 2023, and discovery was scheduled to close by December 1, 2023. (ECF No. 25 at 2).

On October 25, 2023, Cologix filed an unopposed motion to stay discovery. (*Id.*). The motion was granted, and discovery was stayed pending resolution of the parties' dispositive motions. (ECF No. 26).

On March 18, 2024, this Court granted Cologix's motion for judgment on the pleadings, concluding that "Section 8.1 merely requires a reasonable demonstration of Cologix's

3

dissatisfaction," and that Cologix had satisfied this requirement through a series of written notices to Dearborn in October and November of 2022. (ECF Nos. 28 at 7; 35 at 7). This Court later amended its order on April 19, 2024, to clarify that Dearborn's motion for summary judgment was rendered moot by the ruling on the pleadings. (ECF No. 35 at 12).

On April 17, 2024, Dearborn filed a Notice of Appeal. (ECF No. 31). Accordingly, this Court issued an order staying this case. (ECF No. 34). On appeal, the Sixth Circuit vacated this Court's judgment and remanded the case for further proceedings. (ECF No. 38). The appellate court held that judgment on the pleadings was improperly granted because it rested solely on the fact that Cologix had expressed its dissatisfaction with the property. The Sixth Circuit clarified that:

> What Cologix must demonstrate, rather, is that its lack of "satisfaction" was not only based on its due diligence, but reasonably so. Section 8.1(a)(ii) requires that Cologix have good reasons—as a result of its due diligence alone—to doubt whether it can develop the property as a data-center facility. And if Cologix has those reasons, it need not bet the contract's purchase price or its $300,000 downpayment that it can develop the property for that purpose nonetheless.
>
> The district court, for its part, granted judgment on the pleadings solely on the ground that Cologix had undisputedly communicated the fact of its dissatisfaction to Dearborn. As shown above, however, § 8.1(a)(ii) requires more than that: Cologix must demonstrate that its lack of "satisfaction" was reasonably based on its due diligence.

(*Id*. at 4-5).

Following remand, Dearborn filed a Motion to Vacate (ECF No. 40) and a Renewed Motion for Summary Judgment (ECF No. 42). On February 27, 2025, this Court lifted the stay.[1] Cologix then filed a Motion for Relief Pursuant to Rule 56(d) on March 4, 2025, seeking additional

---

[1] This case was stayed from October 26, 2023, until February 27, 2025. It was initially stayed pending resolution of the dispositive motions. (ECF No. 26). The final dispositive motion was resolved pursuant to this Court's Amended Opinion and Order (ECF No. 35) but this Court stayed the case the same day based on Dearborn's notice of appeal. (ECF No. 34).

4

discovery related to the reasonableness of its dissatisfaction. (ECF No. 44). These motions are now ripe for review.

## II. LAW AND ANALYSIS

After the Sixth Circuit entered judgment, but while the case remained stayed, Dearborn filed its Renewed Motion for Summary Judgment. In that motion, Dearborn argued that the Sixth Circuit had already determined that Cologix failed to satisfy its obligations under Section 8.1(a)(ii) of the parties' Agreement. (ECF No. 42 at 16). According to Dearborn, there is no additional evidence and, "[t]he fact that the appellate court instead overturned the decision means the termination requirements were not satisfied." (*Id*.). On that basis, Dearborn requested judgment in its favor on both Cologix's claims and Dearborn's counterclaim for breach of contract, with the amount of damages to be determined in subsequent proceedings. (*Id*. at 20-21).

Following the Court's order lifting the stay, Cologix filed a Motion for Relief Pursuant to Rule 56(d), urging this Court to issue an order denying or deferring consideration of Dearborn's renewed motion for summary judgment to allow time for discovery. (ECF No. 44). Cologix disputes Dearborn's interpretation of the Sixth Circuit's ruling and asserts that discovery is necessary to address properly the appellate court's directive and respond meaningfully to the renewed motion. (*Id*). Specifically, Cologix seeks additional time to conduct discovery concerning:

> (i) the extent of Cologix's due diligence, (ii) the extent of Cologix's "demonstration" of that due diligence to Dearborn, and (iii) whether this was reasonable under the circumstances.

(ECF No. 44 at 4).

The Court will first address Cologix's Rule 56(d) motion before turning to Dearborn's motions.

5

### A. Rule 56(d) Motion

Under Rule 56(d) of the Federal Rules of Civil Procedure, a party may request more time for discovery so that it may respond to a motion for summary judgment. The rule provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). This provision reflects the well-established principle that a party must be afforded "'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986)).

When filing a Rule 56(d) motion, the movant "must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *FTC v. E.M.A. Nationwide*, Inc., 767 F.3d 611, 623 (6th Cir. 2014)). Specifically, the movant must submit an affidavit or declaration "indicat[ing] to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Ball*, 385 F.3d at 720 (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)).

In deciding a Rule 56(d) motion, courts consider five factors known as the "*Plott* factors": "(1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery has the potential to change the ruling at issue; (3) how long the discovery period had lasted; (4) whether the movant was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests." *Schobert v. CSX*

*Transportation Inc.*, 504 F. Supp. 3d 753, 802 (S.D. Ohio 2020) (citing *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)); *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995).

While several factors guide the Rule 56(d) analysis, the "main inquiry" for this Court's analysis is "whether the moving party was diligent in pursuing discovery." *E.M.A. Nationwide, Inc.*, 767 F.3d at 623 (internal quotations omitted) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir.2010)). Although a nonmovant "possesses no absolute right to additional time for discovery under Rule 56," *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989), the Sixth Circuit has emphasized that "'requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Doe*, 928 F.3d at 490 (quoting *E.M.A. Nationwide, Inc.*, 767 F.3d at 623 n.7).

As Cologix has submitted an affidavit satisfying Rule 56(d), and Dearborn has raised no objection to its sufficiency, this Court now turns to the *Plott* factors.

1. When the Movant Learned of the Issue

This first factor is neutral. The Sixth Circuit has instructed that "[t]his factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Doe*, 928 F.3d at 492–93. Cologix acknowledges that it has been aware of the underlying facts since before this lawsuit was filed, but argues that the scope of the case, which are the issues relevant to the Renewed Motion for Summary Judgment, were clarified and framed by the Sixth Circuit's decision. (ECF No. 51 at 6). Indeed, the appellate decision identified specific factual questions to be resolved on remand.

7

Dearborn, on the other hand, emphasizes that Cologix has known of the issues for more than two years and that no new factual matter has been revealed. (ECF No. 46 at 8).

Importantly, both parties concede that little to no discovery has been conducted in this case. (ECF Nos. 46 at 3; 51 at 4). In such circumstances, "this factor is not applicable to the facts of this case and is neutral." *Schobert v. CSX Transportation Inc*., 504 F. Supp. 3d 753, 803 (S.D. Ohio 2020).

### 2. Potential to change the ruling

This factor weighs in favor of granting the motion. The discovery Cologix seeks bears on the reasonableness inquiry emphasized by the Sixth Circuit. Dearborn disagrees, insisting that there is no discovery that Cologix could request that would be relevant for the reasonableness determination. (ECF No. 46 at 5). This is the main point of dispute in Cologix's Rule 56(d) motion.

The Sixth Circuit made clear that this Court "granted judgment on the pleadings solely on the ground that Cologix had undisputedly communicated the fact of its dissatisfaction to Dearborn," but emphasized that § 8.1(a)(ii) "requires more," specifically that "Cologix must demonstrate that its lack of 'satisfaction' was reasonably based on its due diligence." (ECF No. 38 at 4-5).

While Cologix's conduct is an important element of the inquiry, this Court is not persuaded that no additional evidence could support Cologix's position. As Cologix explains, it seeks discovery related to Dearborn's understanding of, and internal response to, Cologix's stated basis for terminating the parties' contract. (ECF No. 44 at 4). According to Cologix, such evidence "may show that [Dearborn] was familiar with and concerned about the same easement issue identified by Cologix, understood that the issue was raised based on Cologix's due diligence, and/or that it believed it was reasonably based on the due diligence, among other things." (*Id*.).

Cologix also seeks Deaborn's own diligence materials regarding the subject property to support its position that its dissatisfaction was reasonably based on its due diligence—and that Dearborn understood as much. (*Id*.). If, for example, discovery reveals that Dearborn conducted similar diligence and harbored comparable concerns, such evidence could substantiate the reasonableness of Cologix's dissatisfaction under § 8.1(a)(ii).

Given the centrality of the reasonableness question and the potential relevance of the requested discovery, this factor supports granting the motion.

### 3. *How long the discovery period lasted*

This factor slightly favors granting the motion. As the Sixth Circuit has explained, "what constitutes a reasonable length of time for the duration of discovery" depends on " the facts and circumstances of a given case." *Doe*, 928 F.3d at 494.

Here, Cologix had approximately ten months to conduct discovery—from the filing of the Complaint in December 2022 until the imposition of the stay in October 2023. (ECF No. 46 at 8). A ten-month discovery period is generally considered reasonable. Indeed, courts have found even shorter periods to be adequate. *See, e.g.*, *Doe*, 928 F.3d at 494 ("This Court has stated that a discovery period lasting nearly five months was "a sufficient amount of time ... to conduct *some* discovery" and therefore the factor did not favor either party."); *Emmons v. McLaughlin*, 874 F.2d 351, 359 n.8 (6th Cir. 1989) ("We do not believe that nine months before entry of summary judgment is necessarily too short a period in which to expect discovery to be completed in a" constitutional tort involving alleged police misconduct.).

The procedural history here, however, impacts this Court's analysis. While ten months elapsed on the calendar, meaningful discovery activity was reasonably minimal. (ECF Nos. 46 at 3; 51 at 4). Prior to any substantive discovery, Cologix effectively paused further discovery efforts

9

by filing a motion for judgment on the pleadings. (ECF No. 51 at 5). Recognizing that key dispositive motions were pending, and that little to no discovery had taken place, Cologix filed an unopposed motion to stay discovery which was granted in October 2023—over a month before the discovery deadline. (ECF Nos. 25; 26). Significant here is that Cologix noted that both parties believed the pending motions would resolve the case and stated that it "recognizes that the scope of issues may be impacted by the Court's resolution of the parties' potentially dispositive motions" and as such, sought stay of discovery. (ECF No. 25). Although the discovery period appears reasonable in length, the parties' conduct and the pendency of dispositive motions suggest that, in practice, it was not as meaningful as it seems.

As a result, the duration of the discovery period, though facially sufficient, did not afford the parties a full and practical opportunity to conduct discovery. That fact weighs against concluding that Cologix had a meaningful chance to obtain the information it now seeks.

### 4. Whether the Movant Was Dilatory

This factor weighs in favor of Cologix. As explained above, this dilatory factor is the "main inquiry," *Doe*, 928 F.3d at 491. Dearborn argues that Cologix was dilatory as it had ten months to conduct discovery but "chose not to do so and, indeed, the filing of its Motion for Judgment on the Pleadings is a clear indication it believed none was necessary." (ECF No. 49 at 7).

There is no indication that Cologix acted with undue delay. To the contrary, Cologix initiated this action on December 5, 2022 and timely filed an Answer to Dearborn's counterclaim on January 19, 2023. (ECF Nos. 2; 7). Parties exchanged initial disclosures and participated in a Rule 26(f) conference. (ECF Nos. 12; 14; 51 at 4). The scheduling order set a discovery cutoff deadline of December 1, 2023. (ECF No. 14 at 2) The parties engaged in little to no discovery while Cologix's Motion for Judgment on the Pleadings was pending. (ECF No. 51 at 4). As the

10

December 1, 2023, discovery deadline approached and Cologix's Motion for Judgment on the Pleadings remained pending, both parties recognized that a stay of the discovery deadline was appropriate given the minimal discovery. (ECF No. 25).

Accordingly, the record does not support a finding that Cologix was dilatory in pursuing discovery. Rather, its decision to seek a stay was timely, strategic, and jointly supported by both parties based on the procedural posture of the case. This is evidenced by the pendency of dispositive motions that both parties believed could have resolved the matter without further discovery. Cologix's actions reflect an effort to conserve resources and tailor discovery to the remaining issues after the Court's rulings. *See, e.g.*, *Waters v. Drake*, 222 F. Supp. 3d 582, 606 (S.D. Ohio 2016) ("It was the court's goal to identify and promptly resolve legal issues that would affect the scope of discovery, as well as to tailor discovery to the elements of the remaining claim." (citing C.J. Roberts, 2015 Year-End Report at 10 (encouraging judges "to take on a stewardship role, managing their cases from the outset rather than allowing parties alone to dictate the scope of discovery and pace of litigation"))).

Given this context, the Court finds that Cologix acted with reasonable diligence. This factor thus weighs in favor of granting Cologix's Rule 56(d) motion.

### 5. *Responsiveness of the Summary Judgment Movant*

This factor is neutral. There is no record of any discovery disputes or failures by Dearborn to respond to formal discovery requests. While it is notable that Dearborn has not produced a single document to date (ECF No. 51 at 4), Cologix concedes that it has not served any formal discovery requests on Dearborn. (*Id.*) Although Fed. R. Civ. P. 26(a)(1)(A)(ii)-(iii) requires parties to make certain initial disclosures without awaiting a request, the absence of any request to respond to renders this factor neutral.

11

Balancing all five factors, this Court concludes that Cologix has met its burden under Rule 56(d). The discovery it seeks is targeted and relevant to the controlling issue of reasonableness identified by the Sixth Circuit. Moreover, Cologix has acted diligently, and to decide a summary judgment motion in a case with such limited discovery due, in part, because of pending motions and stays would be against the manifest purpose of Rule 56(d) to ensure that plaintiffs receive "a full opportunity to conduct discovery." *See Doe*, 928 F.3d at 490.

This Court thus finds it prudent to grant Cologix's Motion for Relief Pursuant to Rule 56(d) (ECF No. 44) and this Court will defer judgment on Dearborn's Renewed Motion for Summary Judgment (ECF No. 42).

### B. Motion to Vacate

Dearborn also requests that this Court vacate its April 12, 2024 Order (ECF No. 30) and April 19, 2024, Amended Opinion and Order (ECF No. 35), and order Cologix to deposit the $300,000 Earnest Money Deposit, pursuant to the Sixth Circuit's decision vacating this Court's prior ruling. (ECF No. 40). Cologix opposes the motion, construing it as an improper request for a bond to continue litigating its claims in this action. (ECF No. 41 at 3).

To the extent Dearborn seeks to vacate this Court's prior Judgment, the motion is moot. The Sixth Circuit has already vacated the judgment (ECF No. 38), and this Court acknowledged such vacatur when it lifted the stay (ECF No. 43). The request is thus procedurally moot. "[W]hen a judgment is vacated it is legally void and unenforceable." *Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 491 (6th Cir. 2001).

To the extent Dearborn seeks an order compelling Cologix to deposit the Earnest Money Deposit, the motion is procedurally and substantively improper. Dearborn cites no legal authority

or other procedural mechanism supporting the imposition of such a requirement at this stage, particularly in light of the fact that the case has been remanded for further proceedings.

Provided Dearborn is suggesting that the Sixth Circuit's vacatur requires this Court to take affirmative action to "undo" the payment, this Court notes that the Sixth Circuit *vacated and remanded the case for further proceedings*. (ECF No. 38 at 6). The legal effect is "the same as if the order had never existed." *Clinton Engines Corp. v. Briggs & Stratton Corp.*, 175 F. Supp. 390, 401 (E.D. Mich. 1959); *see also Johnson v. Comm'r of Soc. Sec.*, No. 1:19-CV-1024, 2021 WL 1085006, at *4 (W.D. Mich. Mar. 22, 2021) (quoting *60 C.J.S. Motions and Orders § 72*) ("When an order is set aside or vacated, the result is the destruction of the order in its entirety. Its effectiveness is ended, the previously existing status is restored, and the effect is the same as though the order had never existed. A vacated order is null and void and has no legal force or effect on the parties or the matter in question.").

The Sixth Circuit did not reverse the Judgment but instead removed its legal effect and remanded for a new decision. As such, there is no Judgment left to vacate or rights under a Judgment to enforce on this matter. If a new ruling requires Cologix to pay the earnest money, the Court will order such payment at that time. Otherwise, Dearborn's unsupported request is insufficient grounds for this Court to grant the relief sought.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 56(d) (ECF No. 44) is **GRANTED**. This Court will set a conference for a later date to establish a limited discovery period that will ensure a speedy and just resolution of the pending action. Accordingly, Defendant's Renewed Motion for Summary Judgment (ECF No. 42) is thus

**DENIED as moot**. Defendant may renew its motion after the close of the limited discovery period, if appropriate. Further, Dearborn's Motion to Vacate (ECF No. 40) is **DENIED**.

  **IT IS SO ORDERED.**

                _____
                **ALGENON L. MARBLEY**
                **UNITED STATES DISTRICT JUDGE**

**DATED: September 25, 2025**